MEMORANDUM *
Lousik Manasian, a native and citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals (“BIA”) dismissing her appeal from an immigration judge’s (“IJ”) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition for review.
I
The IJ and the BIA denied Manasian’s claims for asylum and withholding of removal on the ground that she lacked credibility. We conclude that the IJ’s and the BIA’s adverse credibility findings were not supported by substantial evidence. See, e.g., Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir.2004) (requiring this court to review adverse credibility determinations for substantial evidence).
In making the adverse credibility findings, the IJ and the BIA relied in substantial part on inconsistencies in Manasian’s accounts of a robbery, kidnapping, and rape she allegedly suffered before fleeing Armenia. First, the IJ and the BIA cited the fact that the affidavit accompanying Manasian’s asylum application did not clearly identify the individuals responsible for the kidnapping and rape, while her later written declaration and her hearing testimony indicated that one of the perpetrators was a police officer. Although we agree that this issue goes to the heart of Manasian’s claim, neither the IJ nor the BIA provided reasons for rejecting Manasian’s plausible explanation for this inconsistency, namely, that another individual had prepared the affidavit for her and that it had not been read back to her. See Garrovillas v. INS, 156 F.3d 1010, 1013-14 (9th Cir.1998) (requiring the BIA to consider the petitioner’s explanation that inconsistencies between his asylum application and his testimony were due to the fact that “his former attorney prepared [the application] and that [the petitioner] had signed it without reading it”). Accordingly, absent a statement of reasons for rejecting Manasian’s explanation, this inconsistency cannot provide substantial evidence for the adverse credibility findings. See Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009) (concluding that an inconsistency going to the heart of the petitioner’s claim could not provide substantial evidence for the adverse credibility finding because the BIA “[did] not refer to the explanation that [the petitioner] gave” and “[did] not give [its] reasons for considering that explanation unpersuasive”); see *716 also Chawla v. Holder, 599 F.3d 998, 1002 (9th Cir.2010).
The IJ and the BIA also cited discrepancies in the location where the attackers left Manasian after the rape. However, because the specific location where Manasian was left does not go to the heart of her claim, this inconsistency cannot provide substantial evidence for the adverse credibility findings. See Singh v. Ashcroft, 301 F.3d 1109, 1113 (9th Cir.2002).
The IJ and the BIA further emphasized that, while the affidavit and Manasian’s testimony described the robbery preceding the kidnapping and rape, Manasian’s second written submission omitted any reference to the robbery. Because Manasian was not given an opportunity to explain this omission, it does not provide substantial evidence for the adverse credibility findings. See, e.g., Soto-Olarte, 555 F.3d at 1092.
Finally, the IJ and the BIA cited the fact that Manasian’s original affidavit contained no reference to the abuse she allegedly experienced at three prayer meetings, which she described in her later declaration and her hearing testimony. The omission of these details does not provide substantial evidence for the adverse credibility findings. Although Manasian’s original affidavit focused on the alleged robbery, kidnapping, and rape, it also indicated that Manasian and her family had been subjected to other unspecified incidents of persecution. Manasian’s “failure to file an application that was ‘not as complete as might be desired cannot, without more, serve as a basis for a finding of lack of credibility.’ ” Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996); see also Smolniakova v. Gonzales, 422 F.3d 1037, 1045 (9th Cir.2005).
II
The IJ’s and the BIA’s adverse credibility findings were not supported by substantial evidence. We vacate the BIA’s decision and remand this case on an open record for the agency to evaluate Mana-sian’s credibility, permitting Manasian to explain why her second written submission made no reference to the alleged robbery, and to explain any other inconsistencies upon which the BIA chooses to rely. On remand, the agency must consider “in a reasoned manner” any such explanations, as well as Manasian’s earlier explanation for the inconsistency in her identification of the individuals responsible for the kidnapping and rape. See Soto-Olarte, 555 F.3d at 1092. If the agency finds Mana-sian credible, it should consider in the first instance whether Manasian is eligible for asylum, withholding of removal, or CAT relief.[1]
PETITION FOR REVIEW GRANTED; VACATED AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The IJ and the BIA, in denying Manasian CAT relief, cited both Manasian's lack of credibility, as well as other record evidence. See Kamalthas v. INS, 251 F.3d 1279, 1280 (9th Cir.2001) (holding that defeat of asylum claim on credibility grounds does not necessarily preclude relief on a CAT claim). Because we conclude that the adverse credibility findings were not supported by substantial evidence, the agency is instructed to reconsider Mana-sian’s CAT claim on remand, in addition to her claims for asylum and withholding of removal. We reject the government's argument that, because Manasian previously failed to raise the CAT claim before the BIA, we lack jurisdiction to deal with it here. See Abebe v. Gonzales, 432 F.3d 1037, 1041 (9th Cir.2005) (en banc) (“When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect.”).